**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Marie Hogan, ) | No. CV-09-02379-PHX-NVW |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Anasazi Foundation, ) | |
| ) Defendant. ) | |
| ) | |

Before the Court is the Motion to Dismiss Plaintiff's Third Amended Complaint[1] by Defendant Anasazi Foundation ("Anasazi") (Doc. 27).

**I.     Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Plaintiff has filed a Complaint, a First Amended Complaint, and a Third Amended Complaint, but no Second Amended Complaint. (Docs. 1, 17, 24.)

1  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
2  *Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).
3    However, the principle that a court accepts as true all of the allegations in a
4  complaint does not apply to legal conclusions or conclusory factual allegations. *Id.* at
5  1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide
7  the grounds of his entitlement to relief requires more than labels and conclusions, and a
8  formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.
9  at 555.

## II. Analysis

Hogan's response to Anasazi's motion to dismiss her Third Amended Complaint is that she has corrected the deficiencies identified in the Court's June 23, 2010 Order, *i.e.*, her failure to allege a *prima facie* case of gender-based disparate treatment and enforcement of the Anasazi policy requiring trail walkers to "refrain from sexual intimacies outside of marriage." She contends she has cured these deficiencies by adding or slightly editing the following conclusory allegations:

> 43. On information and belief, DEFENDANT does not ask similarly situated male applicants for employment about their marital status prior to extending an offer of employment.
>
> 44. On information and belief, DEFENDANT does not require similarly situated male applicants for employment to agree to abide by a celibacy policy prior to extending an offer of employment.
>
> 45. On information and belief, DEFENDANT does not require similarly situated male applicants for employment to provide information about their marital status.
>
> 46. On information and belief, DEFENDANT does not enforce its celibacy policy against its male employees, whether married or unmarried.
>
> 47. DEFENDANT violated Title VII because the plaintiff was in the protected group (FEMALE), was qualified to do the work, was doing the work in a satisfactory manner, was terminated, was treated less favorably than [*sic*] situated employees who were male, and DEFENDANT was motivated by illegal discrimination because of sex.

- 2 -

48. DEFENDANT violated Title VII because the plaintiff was in the protected group (FEMALE), was qualified to do the work, was denied employment, was treated less favorably than [*sic*] situated applicants for employment who were male, and DEFENDANT was motivated by illegal discrimination because of sex.

49. DEFENDANT violated Title VII by asking about PLAINTIFF's marital status, contrary to EEOC Guidelines which specifically forbid any inquiry into an applicant's sex, marital status, pregnancy, medical history of pregnancy, future child bearing plans, number and/or ages of children or dependents, provisions for child care, abortions, birth control, ability to reproduce, and name or address of spouse of children.

(Doc. 24) The Third Amended Complaint does not include any factual allegations different from or additional to those in the previous complaint. It alleges only bare conclusions and no factual allegations that demonstrate favorable treatment was given to male employment applicants or male employees. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Third Amended Complaint alleges that Hogan received the Anasazi policy statement requiring trail walkers to "refrain from sexual intimacies outside of marriage" in her pre-hire training packet. It further alleges that Mr. Howard told her the policy "specifically meant that until a trail walker is married, they are not to engage in sexual intimacies." It does not allege that Mr. Howard told her, indicated, suggested, or implied that the policy applied, or was enforced against, only female employees. It alleges that Mr. Merchant told Hogan "that Anasazi had hired trail walkers before who had been open about their homosexual orientation," but it does not allege that Mr. Merchant indicated that the openly homosexual trail walkers included only males. It also alleges that Hogan asked Mr. Merchant whether Anasazi would change its policy to recognize same-sex marriages or committed relationships—not that she asked Mr. Merchant whether Anasazi would discontinue its disparate, gender-based enforcement of the policy.

Further, the Third Amended Complaint alleges that on the second day of training, not on the first day, Mr. Howard asked Hogan about the ring on her finger, not specifically about her marital status. It further alleges that Hogan volunteered the

- 3 -

information that she was married to a woman. It does not allege that Anasazi asked Hogan about her marital status, asked other women at the training about their marital status, or did not ask men at the training about their marital status.

In spite of Hogan's insistence she is alleging discrimination based on gender, not sexual orientation, the Third Amended Complaint continues to allege discrimination based on sexual orientation:

> 39. It is not stated anywhere in the pre-employment packet, job requirements, or at the Anasazi website that sexual orientation is a condition of employment. Up until the very moment PLAINTIFF stated plaintiff's partner's gender to Mr. Howard, PLAINTIFF had been considered a favorable candidate en route to becoming a trail walker.
>
> . . . .
>
> 42. PLAINTIFF was told that PLAINTIFF will not be employed because PLAINTIFF did not possess a qualification that was not disclosed when PLAINTIFF applied for this position.

(Doc. 24)

Moreover, the Third Amended Complaint does not allege that Hogan was actually employed by Anasazi, only that she was qualified to be hired and was invited to attend pre-hire training. Therefore, she was not "terminated" as summarily alleged in paragraph 47. Further, the Third Amended Complaint alleges she was told that she would remain eligible for employment if she chose to comply with the Anasazi policy, and Hogan agrees that the policy on its face does not discriminate on the basis of gender, but apparently she did not choose to comply with the policy. Thus, she was not "denied employment" as alleged in paragraph 48.

Because Plaintiff's Third Amended Complaint fails to meet pleading requirements under *Twombly*, it will be dismissed for failure to state a claim upon which relief can be granted.

**IV.   Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[l]eave need not be granted where the amendment of the complaint would

- 4 -

cause the opposing party undue prejudice . . . or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  The district court's discretion to deny leave to amend a complaint is "especially broad" where the plaintiff already has had one or more opportunities to amend her complaint. *Id.* at 1161.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538.  Hogan already has amended her complaint twice without success. Further opportunity to amend would cause Anasazi undue prejudice and likely would be futile.  Therefore, Hogan will not be granted further leave to amend.

IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 27) is granted.

IT IS FURTHER ORDERED that Plaintiff's Third Amended Complaint (Doc. 24) is dismissed with prejudice.

IT IS FURTHER ORDERED directing the Clerk to enter judgment dismissing this action with prejudice for failing to state a claim upon which relief can be granted.  The Clerk shall terminate this case.

DATED this 17th day of September, 2010.

_____
Neil V. Wake
United States District Judge